## BENJAMIN P. HOLMES *vs.* WENDELL HERRICK.

JULY 27, 1950.

PRESENT: Flynn, C.J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This action of trespass on the case for alienation of affections is before us on plaintiff's exception to the decision of the trial justice granting defendant's motion to set aside default and judgment, recall and quash the execution theretofore issued, and reinstate the case for trial, and granting his petition to be released from the custody of the warden of the Providence county jail. His other exception to an evidentiary ruling made during the hearing on defendant's motion being neither briefed nor argued is deemed to be waived.

This action was started by writ of summons returnable to the superior court on August 12, 1949. No appearance or pleading having been filed by defendant the case was thereafter defaulted. On December 16, 1949 on plaintiff's motion and proof of claim the superior court entered a *nil dicit* judgment for the plaintiff in the sum of $1500. Thereafter execution was issued and being unsatisfied the defendant was committed thereon to the Providence county jail.

The defendant then engaged an attorney who filed a motion requesting that the default and judgment be set aside and vacated; that the execution issued upon such judgment be recalled and quashed; that the defendant be granted leave to appear and plead, answer or demur to the declaration within a period to be fixed by the court; and that the case be reinstated for trial on the merits. With such motion the defendant filed an affidavit of meritorious defense and a petition to be released from custody. Before granting defendant's motion the court heard testimony from both parties and their respective wives. The defendant presented testimony to the effect that plaintiff had continued to live with his wife after the filing of this suit; that after such filing the wife had secured through

defendant and filled more than ten singing engagements; that he was led to believe, from a statement to him by the plaintiff to the effect that his attorney had told him he had no case, that the case was not to be pressed; and also that plaintiff's wife had informed him that the case had been dropped. The motion and petition were granted in entirety on condition that the defendant pay a counsel fee of $50 within one week thereafter, which, according to the record, was tendered by the defendant and refused by the plaintiff. Plaintiff duly prosecuted his bill of exceptions to the decision and contends that the granting of defendant's motion was an abuse of judicial discretion on the part of the trial justice and that his exception should therefore be sustained.

We do not agree with this contention. In this jurisdiction the rule is clearly established that the action of the superior court in removing a default will not be reversed by this court unless it appears that the superior court acted in abuse of its discretion or that its decision was based upon some error of law. *De Santis* v. *Amicarelli*, (R. I.), 131 A. 197; *Roy* v. *Tanguay*, (R. I.), 131 A. 553; *Rhode Island Discount Corp.* v. *Carr*, (R. I.), 136 A. 244; *Nelen* v. *Wells*, 45 R. I. 424; *Borden* v. *Briggs*, 49 R. I. 207. We have carefully examined the transcript and the decision of the trial justice and we see nothing therein to indicate that he abused his discretion or that he committed any error of law. The evidence to which no objection is made and the affidavit of defense tend to support his conclusion that justice would best be served if the defendant has his day in court thus giving him an opportunity to present his defense. Plaintiff's exception to such decision is therefore overruled.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*Curran & Friedman, Saul Friedman, Charles A. Curran,* for plaintiff.

*William E. Walsh, Thomas F. Keefe, James H. Duffy,* for defendant.